UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Monica L. Hiegel,                                    Case No.  3:16-cv-2575

        Plaintiff

   v.                                                MEMORANDUM OPINION

Kelly Services, Inc., et al.,

        Defendants


This matter is before me on the Defendants' unopposed motion to dismiss for failure to prosecute.  (Doc. No. 21).  For the reasons stated below, the motion is denied.

## I. BRIEF BACKGROUND

Plaintiff Monica L. Hiegel, through counsel, initiated this lawsuit in the Putnam County Court of Common Pleas in October 2016.  Defendants filed a timely removal of the action to this court.  A Case Management Conference was conducted in January 2017, and established deadlines for discovery and amending pleadings.  (Doc. No. 14).  At a June 2, 2017 telephonic status conference, the discovery deadline was extended to August 31, 2017.  (Doc. No. 16).

On June 26, 2017, Plaintiff's counsel moved to withdraw.  (Doc. No. 17).  In my order of July 11, 2017, the Plaintiff was given 45 days to secure new counsel or advise the Court she had chosen to represent herself.  (Doc. No. 18).  Additionally, her counsel was directed to serve a copy of the Order on Plaintiff, and certification of that action was filed with the Court on July 19, 2017.  (Doc. No. 19).  On August 18, 2017, I granted counsel's motion to withdraw and a copy of that Order was mailed to Plaintiff at her last known address.  (Doc. No. 20).

On November 1, 2017, Defendants filed the motion to dismiss which they certify was mailed to Plaintiff's address in Leipsic, Ohio.

## II. DISCUSSION

Under Fed. R. Civ. P. 41(b), "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A dismissal for failure to prosecute is generally viewed as a drastic remedy and must be carefully contemplated as against a pro se plaintiff. *See* 8 Moore's Federal Practice, § 41.50[3] (3d ed. 2017). A dismissal under Rule 41(b) is within the trial court's discretion.

The four factors considered under a Rule 41(b) dismissal were recently addressed by the Sixth Circuit as follows:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Evans v. Liberty Insurance Corporation*, 702 Fed. Appx. 297, 299 (6th Cir. 2017), citing *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). No one factor is dispositive and dismissal is appropriate upon a "clear record of delay or contumacious conduct." *Id.* citing *Knoll v. Am. Tel & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

In this instance, the *pro se* Plaintiff was represented by counsel until August 2017. The Defendants detail spotty responses to their discovery requests beginning in April 2017. After Plaintiff's counsel withdrew, Plaintiff failed to respond to any requests previously made to her counsel or respond to a letter from defense counsel on supplementing discovery requests.

While Defendants argue the Plaintiff's conduct amounts to willful inaction, the cases they rely upon involved parties who were represented by counsel or, if they were *pro se*, engaged in protracted and purposeful delay of their case.

Here, the *pro se* Plaintiff has been on notice of the Defendants' requests for supplemental discovery since her counsel withdrew and was presumably aware the discovery deadline was August 31, 2017. This is not a significantly long time nor did the Defendants avail themselves of Local Rule 37.1[1] in seeking court intervention to address their discovery requests. In the absence of an order directing a party to act, a court should provide an express warning before resorting to dismissal. *See Nader v. Land*, 433 F.3d 496, 502 (6th Cir. 2006).

Under these circumstances, I find the request for dismissal premature, especially in light of the failure of an express warning by this Court. Accordingly, I will deny Defendants' motion for dismissal pursuant to Fed. R. Civ. P. 41(b). I will, however, direct the *pro se* Plaintiff to respond to this Order within a specified time or her case will be dismissed.

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss for failure to prosecute (Doc. No. 21) is denied. The Clerk shall serve a copy of this Order by certified mail upon the Plaintiff.

Plaintiff Monica L. Hiegel is granted thirty (30) days from receipt of this Order to show cause why her case should not be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). If the Plaintiff fails to respond to this Court's Order, her case will be dismissed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] (a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.
    (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of sincere, good faith efforts to resolve such disputes.